UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE CARTER,

          Plaintiff,

-against-

CAPITAL ONE BANK (USA), N.A.,

          Defendant.

**COMPLAINT**

Case No. 1:18-cv-4796

NOW COMES Plaintiff, Valerie Carter ("Plaintiff"), by and through her attorneys, and for her Complaint against Defendant, Capital One Bank (USA), N.A. ("Defendant"), alleges as follows:

## Nature of the Action

1. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## Parties

2. Plaintiff is a natural person residing in Corning, New York in Steuben County.

3. Defendant is a business entity and national banking association with its headquarters located in Virginia.

4. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

5. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

Factual Allegations

7. Defendant places telephone calls to telephone number (518) 752-96xx.

8. Telephone number (518) 752-96xx is assigned to Plaintiff's cellular telephone.

9. These telephone calls are not for emergency purposes.

10. These telephone calls are related to a financial account.

11. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

12. Plaintiff was annoyed and felt harassed by Defendant's calls.

13. Accordingly, on September 15, 2017, Plaintiff instructed Defendant to "please stop calling" her cell phone.

14. Defendant, through its employee, informed Plaintiff that it could "take your [Plaintiff's] mobile number on file if you want phone calls to stop."

15. Plaintiff confirmed that she wanted Defendant to stop calling her cell phone, and she provided her cell phone number.

16. Defendant responded "okay."

17. Defendant continued to call Plaintiff's cell phone.

18. Since September 15, 2017, Defendant called Plaintiff's cell phone at least 128 times.

19. Defendant used an automatic telephone dialing system to place these calls as well.

20. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to call Plaintiff's cell phone.

21. Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to call Plaintiff's cell phone.

22. Defendant voluntarily used an automatic telephone dialing system to call Plaintiff's cell phone.

23. Defendant knowingly used an automatic telephone dialing system to call Plaintiff's cell phone.

24. Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone.

CLAIM FOR RELIEF
Telephone Consumer Protection Act

25. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(2)  Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(3)  All court costs, witness fees and other fees incurred; and

(4)  Awarding such other and further relief as may be just, proper and equitable.

                                            Respectfully submitted,

Dated:  May 30, 2018                            /s/ Adam T. Hill
                                                Adam T. Hill
                                                KROHN & MOSS, LTD.
                                                10 N. Dearborn St., 3rd Fl.
                                                Chicago, Illinois 60602
                                                Telephone:  312-578-9428
                                                Telefax:  866-861-1390
                                                ahill@consumerlawcenter.com

                                                Jeffrey Lohman
                                                *pending admission pro hac vice*
                                                THE LAW OFFICES OF JEFFREY LOHMAN, P.C.
                                                4740 Green River Road, Suite 219
                                                Corona, California 92880
                                                Telephone: (866) 326-9217
                                                Telefax: (657) 362-1311
                                                Jlohman@JLohman.com

                                                Attorneys for Plaintiff